UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SANDRA FONTENOT** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-2062** |
| **GREAT AMERICAN ASSURANCE COMPANY** | **SECTION I** |

### ORDER & REASONS

Before the Court is defendant Great American Assurance Company's ("defendant") motion[1] to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff Sandra Fontenot ("plaintiff") has not filed a response to the motion, and the deadline for doing so has passed.[2] For the reasons below, the Court grants the unopposed motion to dismiss.

### I. BACKGROUND

This matter concerns a Hurricane Ida insurance claim. Plaintiff owned the property that is the subject of this dispute.[3] The property, at the time of damage, was subject to an insurance policy ("the Policy") issued by defendant.[4] Following damage to the property, plaintiff claims that defendant breached the Policy and acted in bad faith by failing to make required payments.[5] The Policy was purchased by Celink, the

---

[1] R. Doc. No. 11.
[2] Pursuant to Local Rule 7.5, plaintiff's deadline to respond to defendant's motion was August 15, 2023.
[3] R. Doc. No. 1-1, ¶ 4.
[4] R. Doc. No. 1-1, ¶ 5.
[5] R. Doc. No. 1-1, ¶ 17.

1

servicer of plaintiff's loan, and lists Celink as the named insured.[6] Accordingly, defendant denies that plaintiff is covered by the policy and moves to dismiss the claim pursuant to Rules 12(b)(1) and 12(b)(6).[7]

## II.    STANDARD OF LAW

In its motion, defendant raises both Rule 12(b)(1) and Rule 12(b)(6) as grounds for dismissal. Defendant argues that plaintiff lacks standing, pursuant to Rule 12(b)(1), because she is not insured under the Policy nor a beneficiary of the Policy. In addressing claims brought under both Rule 12(b)(1) and Rule 12(b)(6), the Fifth Circuit stated in *Cotton v. Certain Underwriters at Lloyd's of London*, 831 F.3d 592, 594 (5th Cir. 2016):

> "Standing," however, is a label used to describe different things in the law. It can describe whether a party has a right to sue under a contract. *Novartis Seeds, Inc. v. Monsanto Co.*, 190 F.3d 868, 871 (8th Cir. 1999) (R. Arnold, J.). That concept of standing, which as the Supreme Court has explained is really an issue of "contract interpretation" that goes to the merits of a claim, *Perry v. Thomas*, 482 U.S. 483, 492, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987), is "entirely distinct from 'standing' for purposes of Article III." *Novartis Seeds*, 190 F.3d at 871 (noting that the argument that plaintiff did not have right to enforce license agreement because of an assignment did not go to jurisdiction); *see also Perry*, 482 U.S. at 487, 492, 107 S.Ct. 2520 (explaining that a contention that plaintiffs "were 'not parties' to [an] ... agreement" did not raise an issue of jurisdictional standing); *Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 850–51 (10th Cir. 2015) (rejecting attempt to classify question whether nonparties to an

---

[6] The Policy was not attached to plaintiff's complaint. The Court may consider documents outside the complaint when they are: "(1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims." *Maloney Gaming Mgmt. v. St. Tammany Parish*, 456 Fed.Appx. 336, 340 (5th Cir. 2011). Accordingly, consideration of the Policy is appropriate because it is attached to Great American's Motion, referenced in plaintiff's complaint, and central to plaintiff's claim for relief. R. Doc. No. 1-1, ¶ 5 (reference to the Policy in the complaint); R. Doc. No. 11-2 (the Policy as an attachment to defendant's motion).

[7] R. Doc. No. 5, ¶ 1.

insurance agreement could invoke waiver and estoppel against insurance company as question of jurisdictional standing).

"Considering *Cotton*, regardless of whether plaintiffs are additional or named insureds or third-party beneficiaries . . . they have Article III standing to state claims against the insurers . . . The issue of whether plaintiffs have "standing" in the sense of a right to sue under the contract is better analyzed as whether they have stated a claim under Rule 12(b)(6)." *Brown v. Am. Mod. Home Ins. Co.*, 2017 WL 2290268, at *3 (E.D. La. May 25, 2017) (Lemmon, J.). Therefore, because the defendant's standing argument is one of contract interpretation, the Court will treat this motion as one for failure to state a claim pursuant to Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the

plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

### III.  ANALYSIS

Defendant moves to dismiss this claim pursuant to Rule 12(b)(6) because plaintiff is not an insured, additional insured, or third-party beneficiary of the Policy. Because the parties invoke the Court's jurisdiction based on diversity of citizenship, the Court applies the choice of law rules of the forum state, Louisiana. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

Louisiana choice of law rules dictate that "an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." La. Civ. Code art. 3540. "[T]he law of the state where the insurance contract was issued and executed generally governs the

interpretation of that contract." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014). However, "[i]f the laws of the states do not conflict, then no choice-of-law analysis is necessary, and we simply apply the law of the forum state." *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 621 (5th Cir. 2005) (quoting *Schneider Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir.2002)) (internal quotations omitted).

The insured property is located in Louisiana. The Policy was executed by defendant in Ohio and issued to Celink in Michigan. Accordingly, Ohio, Michigan, and Louisiana all potentially have an interest in the application of their own laws. To determine if a choice of law analysis is necessary, the Court must first analyze whether a conflict exists between the states' laws.

Pursuant to Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003). While the general standard for interpretation is the intent of the parties, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 207 (5th Cir. 2007) (quoting La. Civ. Code art. 2046). Accordingly, "[i]f the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." *Id.* (quoting *Cadwallader*, 848 So.2d at 580).

Louisiana law permits enforcement of policies by intended third-party beneficiaries in addition to enforcement by the named insured or additional named insured. *Williams v. Certain Underwriters At Lloyd's of London,* 398 F. App'x 44, 47 (5th Cir. 2010). "Under Louisiana law, a third-party beneficiary must be created by contract, known as a stipulation *pour autri,* and is never presumed. To establish a stipulation *pour autri*, a party must demonstrate that: '(1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee.'" *Johnson v. Am. Sec. Ins. Co.*, 2023 WL 143325, at *4 (E.D. La. Jan. 10, 2023) (Vitter, J.) (quoting *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006)).

Michigan law does not conflict with Louisiana law. Pursuant to Michigan law, "a court should "give contractual language that is clear and unambiguous full effect according to its plain meaning unless it violates the law or is in contravention of public policy." *Stryker Corp. v. XL Ins. Am.*, 735 F.3d 349, 354 (6th Cir. 2012). Like Louisiana law, Michigan law dictates that third parties have the right to enforce policies only when the promisor has "undertaken the promise directly to or for that person." *Schmalfeldt v. N. Pointe Ins. Co.*, 469 Mich. 422, 428 (2003). The parties to the contract must be "clearly aware that the scope of their contractual undertakings encompasses a third party." *Id.* A court "should look no further than the form and meaning of the contract itself to determine whether a party is an intended third-party beneficiary." *Id.* Accordingly, Michigan law, like Louisiana law, requires the court to

6

give meaning to the plain language of the contract and only infer a right to enforce a contract by a third-party where the intent to benefit the third-party is direct, not incidental.

Similarly, Ohio law requires the court to begin with the plain language of the contract. "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc.*, 15 Ohio St. 3d 321, 323 (1984). Ohio law "requires that for a third party to be an intended beneficiary under a contract, there must be evidence that the contract was intended to directly benefit that third party." *Cook v. Ohio Nat'l Life Ins. Co.*, 961 F.3d 850, 856 (6th Cir. 2020). "Third parties that are only incidental beneficiaries are generally not permitted to assert claims under contracts to which they are not parties." *Id.*

The laws of all three states require a court to begin with the plain language of the contract. If an unnamed beneficiary of a policy seeks to enforce the policy, the court must determine if the benefit conferred was direct or incidental. Only direct beneficiaries of the policy may enforce the policy. Accordingly, the laws of the states do not conflict, and no choice of law analysis is necessary. The Court will, therefore, apply the law of the forum state, Louisiana. *See Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 621 (5th Cir. 2005).

The language of the Policy issued by defendant is clear. The Policy states that "[t]he mortgagor or tenant is not an insured or additional insured under the policy."[8]

---

[8] R. Doc. No. 11-2, at 34.

7

Pursuant to the plain language of the Policy and the Louisiana standard of interpretation, plaintiff is neither an insured nor an additional insured. *See Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003).

Additionally, plaintiff is not an intended third-party beneficiary pursuant to Louisiana law. The Policy was initiated by Celink, the mortgagee, to protect its own interest in the property. There was no intent to confer a direct benefit upon plaintiff. Any benefit conferred on plaintiff was merely incidental to the mortgagee's coverage. *See Riley v. Sw. Bus. Corp.*, c, at *3 (E.D. La. Sept. 17, 2008) (Vitter, J.) ("Indeed, the very purpose of a forced placed policy is to cover the uninsured portion of the *mortgagee's* interest. Though [the mortgagor] may incidentally benefit from the stopgap coverage, he was not an intended beneficiary and is thus not entitled to enforce the contract in court."); *Gisclair v. Great American Assurance Company*, 2023 WL 1765922, at *6 (E.D. La., Feb. 3, 2023) (Morgan, J.); *Johnson*, 2023 WL 143325, at *4. Because plaintiff does not assert a plausible claim for relief under the Policy, plaintiff's breach of contract claim must be dismissed pursuant to Rule 12(b)(6).

Plaintiff additionally claims that defendant is liable for violating statutory duties pursuant to La. R.S. §§ 22:1973 and 22:1892. These claims rely on the existence of a valid, underlying insurance claim. *Gisclair*, 2023 WL 1765922, at *7; *Riley*, WL 4286631, at *3. Because plaintiff is not entitled to coverage under the Policy, these claims also lack a plausible basis.

## IV. CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** pursuant to Rule 12(b)(6) and this case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, September 18, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**